30256543

A1 5441378

# U.S. BANK RECREATION FINANCE NATIONAL PROMISSORY NOTE AND SECURITY AGREEMENT

| BORROWER(S): | LENDER: |
|---|---|
| Name(s): WILLIAM A SMITH | Name: U.S. Bank N.A. |
| | Address: 1850 Osborn Avenue, Oshkosh, WI 54902 |
| Address: [redacted] | DATE: 05/21/2021 |

**PROMISE TO PAY AND PAYMENT TERMS.** This Promissory Note and Security Agreement ("Note") governs your loan with U.S. Bank N.A. ("LENDER"). By signing below, you agree to all terms and conditions of this Note and acknowledge receipt of these documents. BORROWER(S) means everyone who signs below as a BORROWER, jointly and severally. "You" and "your" refer to BORROWER(S) while "we," "us," and "our" refer to LENDER. YOU AGREE THAT THIS NOTE IS GOVERNED BY THE LAWS OF THE STATE OF OHIO AND APPLICABLE FEDERAL LAW. You promise to pay us the principal amount of $ 323,173.84, plus finance charges accruing on the unpaid balance at the rate of 4.49 % per year until paid in full. Finance charges accrue on a 365-day basis (366 days in a leap year). You agree to pay this Note according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES (below). You also agree to pay any additional amounts according to the terms and conditions of this Note.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | Amount Financed. The amount of credit provided to you or on your behalf. | Total of Payments. The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 4.49 % | $ 167,100.56 | $ 323,173.84 | $ 490,274.40 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | $ 2,042.81 | Monthly beginning 6/20/2021 |
| N/A | $ N/A | Monthly beginning N/A |

**Security.** You are giving a security interest in the Collateral being purchased with the loan proceeds.

**Prepayment.** You may pay off this Note early. If you pay off this Note within 36 months of the date of this Note, you will have to pay a prepayment penalty equal to the greater of 1% of the principal balance at the time of prepayment or $75, but no more than $200.

**Late Charge.** If all or any portion of any payment is not received within 10 days after its due date, a late charge will be assessed in the amount of $25.

**Note Document.** See the terms and conditions of this Note for any additional information about nonpayment, default; any required repayment in full before the scheduled due date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

1. Amount paid to SKIPPERBUD'S - HARRISON TWP for Purchase of Collateral
   - (A) Cash Price .................................................................... $ 379,414.00
   - (B) Total Down Payment
     - i. Gross Trade-in         $ N/A
     - ii. Amount owed on Trade-in $ N/A
     - Trade-in Description (year, make, model etc.):
     - iii. Net Trade-in (i minus ii)    $ N/A
     - iv. Cash                          $ 80,000.00
     - v. Other Credits/Down Payments (describe below)
       - N/A                             $ N/A
     - vi. Total Down Payment (sum of iii through v)   $ 80,000.00
       - (If Total Down Payment is negative, enter "0" and see line 2.B below)
   - (C) Unpaid Balance of Cash Price (A minus B.vi) .............................. $ 299,414.00
2. Amounts paid to others on your behalf
   - (A) Amount paid to Public Officials ........................................... $ 0.00
   - (B) Amount paid to N/A        for Amount owed on Trade-in ................... $ 0.00
   - (C) Amount paid to State      for Sales Tax .................................. $ 22,764.84 *
   - (D) Amount paid to Seller     for DOCUMENTATION FEE .......................... $ 995.00 *
   - (E) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (F) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (G) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (H) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (I) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (J) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (K) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (L) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (M) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (N) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (O) Amount paid to N/A        for N/A ........................................ $ N/A *
   - (P) Amount paid to N/A        for N/A ........................................ $ N/A *
3. Amount Financed (sum of Items 1 and 2) ......................................... $ 323,173.84

*Lender may retain a portion of these amounts

NOTICE: SEE ALL FIVE PAGES FOR IMPORTANT INFORMATION AND ADDITIONAL TERMS AND CONDITIONS WHICH ARE PART OF THIS NOTE.

PROMISSORY NOTE AND SECURITY AGREEMENT (continued)  A1 5441378

**CREDIT INSURANCE.** You are not required to buy any of the optional credit insurance listed below to enter into the loan and your failure to do so will not be a factor in the approval of this extension of credit. These products will not be provided unless you sign below and are accepted by the provider. If you sign below, you have received a notice of the terms of the product, you want to obtain the product, and you agree to pay the premium or charge shown.

Credit Insurance

| Type | Term | Cost | |
|---|---|---|---|
| Single Credit Life | N/A | $ N/A | ☐ You do want single credit life insurance. |
| Single Credit Disability | N/A | $ N/A | ☐ You do want single credit disability insurance. |
| Joint Credit Life | N/A | $ N/A | ☐ You do want joint credit life insurance. |

X ____N/A____  ____N/A____  X ____N/A____  ____N/A____
Borrower Signature    Date of Birth        Co-Borrower Signature    Date of Birth

**NOTICE FOR FLORIDA ONLY.** Florida documentary stamp tax required by law in the amount of $ ___N/A___ has been paid or will be paid directly to the Department of Revenue. Certificate of registration No. 310841368-004.

**FOR WISCONSIN RESIDENTS ONLY:**

**MARITAL PURPOSE:** If you are married the obligation evidenced by this Note is being incurred in the interest of your marriage or family.
X _____  X _____

**MARITAL INFORMATION:** You are ☐ married ☐ unmarried or ☐ legally separated. If you are married and your spouse is not signing this Note the name of your spouse is _____ Your spouse resides at: ☐ your address shown above; ☐ _____

**NON-BORROWER SPOUSE:** The undersigned is married to the BORROWER signing this Note, actually knows of the credit extended under this Note, and waives any notice of this extension of credit. X _____  X _____

**SECURITY AGREEMENT.** To secure payment of this Note and performance of your obligations under this Note, you grant us a security interest in the Collateral described below plus any accessories, equipment and replacement parts installed in the Collateral, any accessions to the Collateral and the proceeds of the Collateral.

Collateral.

| Year | Make | Model | Serial/Identification Number |
|---|---|---|---|
| 2021 | CRUISERS | 350 EXPRESS | CRSEC214B021 |
| N/A | N/A | N/A | N/A |
| 2021 | MERCRUISER | 8.2MAGB3AXSC | 2A680089 |
| 2021 | MERCRUISER | 8.2MAGB3AXSC | 2A680414 |
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |

**COLLATERAL LOCATION** (Address where collateral is garaged, moored, or primarily used and is registered. If garaged/moored address is different from the address where registered, include both addresses).
Address where Registered: ███████████████████
Garage/Mooring Address: MACRAY MARINA; 30675 N. RIVER RD, HARRISON TWP, MI 48045- SLIP 1F
Trailer's Gross Weight: N/A                                        Trailer's Shipping Weight: N/A

You will not use or permit the Collateral to be used: (1) as a permanent residence; (2) for any commercial or non-recreational use, including but not limited to transporting passengers or goods for hire or for rental or charter purposes; (3) for any improper or illegal purpose, or to commit any illegal act; (4) in a way that causes the cancellation or suspension of any applicable insurance or manufacturer's warranty; (5) (a) outside of its home slip and dock for more than 120 consecutive days if the Collateral is a state-titled marine vessel (including marine vessel engines), or (b) outside of its hailing port for more than 120 consecutive days if the Collateral is a United States Coast Guard documented marine vessel (including marine vessel engines), without our prior written approval; (6) (a) outside of the United States for any period of time if the Collateral is a boat trailer or recreational vehicle without our prior written approval, or (b) outside of the territorial waters of the continental United States for any period of time, except that the Collateral may be used in the territorial waters of the Bahamas or any country that is contiguous to the continental United States for a period not to exceed fifteen (15) consecutive days and only with proper insurance, if the Collateral is a marine vessel or marine vessel engine(s) with our prior written approval; (7) for any use not recommended by the manufacturer; or (8) if a license is required to operate the collateral, by an unlicensed operator. You will not allow any lien or encumbrance to attach to the Collateral. You will deliver the Collateral to any location that we require for our inspection at any time during the term of this Note.

**FINANCE CHARGE.** This is a simple interest note. The Finance Charge is figured on a 365-day simple interest basis by applying the ratio of the Annual Percentage Rate over 365 (366 in a leap year) multiplied by the outstanding principal balance and multiplied by the actual number of days the principal balance is outstanding. Your actual Finance Charge will depend on your payment patterns. The actual Finance Charge may be more than the Finance Charge disclosed on page one of this Note if you make your payments later than the scheduled dates or in less than the scheduled amount. Payments will be applied first to the earned Finance Charge and then to the unpaid Amount Financed. You may prepay this Note at any time. If you prepay this Note within 36 months of the date of this Note, you will pay us a prepayment penalty in the amount of $75 or 1% of the outstanding principal balance, whichever is greater. In no event will the prepayment penalty be more than $200.

**INSURANCE.** You agree to obtain, pay for and maintain insurance for the term of this Note against loss of or damage to the Collateral with a policy acceptable to us. This policy may be obtained through an existing policy of insurance owned or controlled by you or from an insurer and agent of your choice that is authorized to sell such insurance and is reasonably acceptable to us. The insurance you maintain will include comprehensive fire, theft, hull damage, marine disaster, and collision coverage (as applicable), insuring the Collateral in an amount sufficient to cover the Collateral's actual cash value with a maximum deductible of $1,000 or 2% of the Amount Financed, whichever

## PROMISSORY NOTE AND SECURITY AGREEMENT (continued)    A1 5441378

is greater. You must name us as loss payee. You must provide us with a copy of your insurance policy acceptable to us within 30 days after the date of this Note and thereafter upon request. You agree to assign the proceeds of any insurance to us to the extent of the debt you owe and agree that the insurance company may pay us directly. You agree that we have an irrevocable power of attorney to file proofs of loss and anything else necessary to obtain the insurance proceeds in your name. If the Collateral is stolen, lost, damaged or destroyed, we can use any insurance settlement either to repair the Collateral or to apply to your debt. Whether or not the Collateral is insured, you will pay us all you owe under this Note even if the Collateral is stolen, lost, damaged, or destroyed. Liability insurance coverage for bodily injury and property damage caused to others is not included as part of this Note.

---

**NOTICE**

You are required to maintain insurance on the Collateral to protect our interest. If you fail to maintain the required insurance, or fail to provide us with evidence of insurance, you understand and agree to the following: (1) We may, but are not required to, place insurance on the Collateral to protect our interest, which will not cover your interest in the Collateral; (2) The insurance we provide may be written by a company other than one you would choose and may be written at a rate that is higher than the rate you could obtain if you purchased the insurance; and (3) you will pay for the costs of any Collateral insurance we provide.

---

**DEFAULT** *(Wisconsin only)*. If the Amount Financed by this Note is $25,000 or less, you agree that you will be in default on this Note and any agreement securing this Note if any one or more of the following occurs: (1) if the interval between scheduled payments is two (2) months or less, and you do not pay all or part of one scheduled payment for more than ten (10) days after its scheduled or deferred due dates, or if you fail to pay the first or last payment within forty (40) days of its scheduled or deferred due date; (2) when the interval between scheduled payments is more than two (2) months, and you do not pay all or part of one scheduled payment for more than sixty (60) days after its scheduled or deferred due date; or (3) when this Note is scheduled to be repaid in a single payment, and you do not pay all or part of the payment for more than forty (40) days after its scheduled or deferred due date. You also agree that you will be in default of this Note if you fail to observe or perform any other covenant of this Note or any agreement securing this Note, and this failure materially impairs the conditions, value, or protection of your right in any Collateral, or materially impairs your ability to pay amounts when due. If a CO-BORROWER is in default on this Note or any security agreement securing this Loan, we may exercise our remedies against any or all BORROWERS.

If the Amount Financed by this Note exceeds $25,000, you will be in default if any of the following things happen: (1) you fail to make any payment in full or fail to pay any other charge; (2) you break any promise or condition made in this Note or in any other agreement you have with us; (3) you fail to keep required insurance in force; (4) you give us false or misleading information on your application or any other document; (5) you die, are declared incompetent, become insolvent, file a bankruptcy petition, have a bankruptcy petition filed against you or dissolve or cease active business affairs; (6) the Collateral is seized, confiscated or levied upon by governmental or legal process; (7) the Collateral is destroyed, stolen or damaged beyond repair; (8) your license to operate the Collateral is revoked; (9) if the Collateral is not maintained in a condition acceptable to us; (10) if you fail to pay any taxes which may be levied upon the Collateral; or (11) anything else happens that we reasonably believe in good faith endangers the Collateral or your ability to pay. If a CO-BORROWER is in default on this Note or any security agreement securing this Loan, we may exercise our remedies against any or all BORROWERS.

**REMEDIES FOR DEFAULT** *(Wisconsin only)*. In the event you default under this Note, after giving notice to you of your right to cure the default, if applicable, and waiting the appropriate number of days in accordance with Wis. Stat. Section 425.105, we have the right to: (1) declare the remaining unpaid balance of the Note to be due and payable; (2) after giving any required notice, take possession of the Collateral without further notice or court proceeding, in accordance with Wis. Stat. § 425.205(1g); (3) use the right of set-off explained below; (4) repossess the Collateral as provided by law; (5) reduce the claim to a judgment; (6) make a claim for any and all insurance or service contract benefits or refunds that may be available on your default or on the termination of the Note and apply any amount received to the amount you owe; and (7) use any remedy we have at law or in equity. By choosing any one or more of these remedies we do not give up the right to use another remedy later. By deciding not to use any remedy in the event of your default, we do not give up the right to consider the event a default if it happens again.

If you make any payment after we have demanded payment of the entire balance due, your payment will be applied to the unpaid balance. Your debt will be the unpaid balance of the amount financed, plus accrued finance charges, unpaid late charges, collection costs, and all other amounts due to us under this Note. If the net proceeds of the Collateral sold do not pay your indebtedness in full, you will pay us the difference, plus interest at the Annual Percentage Rate until paid in full. In the event of your default, you agree to pay our statutory costs and attorneys' fees as specifically authorized by Wis. Stat. Section 422.413 which are incurred in the disposition of the Collateral, and any other such charge incurred as specifically authorized by Wis. Stat. Chapters 421 through 427. This provision shall also apply if you file a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against you by another.

**DEFAULT** *(All states except Wisconsin)*. To the extent permitted by state law, you will be in default under this Note if any of the following things happen: (1) You fail to make any payment in full or fail to pay any other charge; (2) You break any promise or condition made in this Note or in any other agreement you have with us; (3) You fail to keep required insurance in force; (4) You give us false or misleading information on your application or any other document; (5) You die, are declared incompetent, become insolvent, file a bankruptcy petition, have a bankruptcy petition filed against you or dissolve or cease active business affairs, as applicable; (6) the Collateral is seized, confiscated or levied upon by governmental or legal process; (7) the Collateral is destroyed, stolen or damaged beyond repair; (8) if a license is required to operate the Collateral, your license is revoked; (9) if the Collateral is not maintained in a condition acceptable to us; (10) if you fail to pay any taxes which may be levied upon the Collateral; or (11) anything else happens that we reasonably believe in good faith endangers the Collateral or your ability to pay.

**REMEDIES FOR DEFAULT** *(All states except Wisconsin)*. If you are in default under this Note, we may take any one or more of the following actions, to the extent not prohibited by state law: (1) Terminate this Note and declare the entire unpaid debt immediately due and payable, if allowed by law; (2) Take possession of the Collateral without prior demand, unless otherwise required by law. We may take any personal property that is in or on the Collateral when we take it. We will hold the personal property for you for 10 days, but we will neither be responsible for safekeeping such property nor be required to notify you about it. If you do not pick up the property within that time, we may dispose of it in any way we determine; (3) Take any reasonable action to correct the default or to prevent our loss. You agree to reimburse us for any amounts we pay to correct or cover your default; (4) Require you to return the Collateral and any related records or make them available to us in a reasonable manner; (5) Make a claim for any and all insurance or service contract benefits or refunds that may be available on your default or on the termination of the Note and apply any amount received to the amount you owe; or (6) Use any remedy we have at law or in equity.

If you make any payment after we have demanded payment of the entire balance due, your payment will be applied to the unpaid balance. Your debt will be the unpaid balance of the amount financed, plus accrued finance charges, unpaid late charges, collection costs, and all other amounts due to us under this Note. If the net proceeds of the Collateral sold do not pay your indebtedness in full, you will pay us the difference, plus interest at the Annual Percentage Rate until paid in full.

## PROMISSORY NOTE AND SECURITY AGREEMENT (continued)

A1 5441378

**ADDITIONAL DEFAULT REMEDIES** *(Louisiana only).* If you fail to make two consecutive monthly payments, or fail to make a payment for 60 days if your scheduled payments are more frequent than monthly, we may have additional remedies as provided in the Louisiana Additional Default Remedies Act.

**CONFESSION OF JUDGMENT** *(Louisiana only).* You confess judgment in favor of us for the full amount of this Note for purposes of Louisiana's executory process procedures.

**WAIVER** *(Louisiana only).* To the extent permitted under applicable law, you waive: A. The benefit of appraisal as provided under Articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; B. The notice of seizure provided under Article 2293 of the Louisiana Code of Civil Procedure; C. The 3 days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and D. All other provisions provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above.

**KEEPER** *(Louisiana only).* You authorize us to appoint a keeper of the vehicle under La.R.S. §§ 9:5136 through 9:5140.2 if the vehicle is taken from you through legal proceedings. You authorize us to appoint ourselves or someone else we choose as keeper.

**SET-OFF.** You agree that we may set off any amount due and payable under this Note against any right you have to receive money from us. *(Wisconsin only: We will set off only after sending written notice of your default and right to cure and waiting any period required by law).* "Right to receive money from us" means (1) any deposit account balance you have with us; (2) any money owed to you on an item presented to us or in our possession for collection or exchange; and (3) any repurchase agreement or other non-deposit obligation. "Any amount due or payable under this Note" means the total amount of which we are entitled to demand payment under the terms of this Note at the time we set off. This total includes any balance for which we accelerate the due date under this Note. If your right to receive money from us is also owned by someone who has not agreed to pay this Note, our right to set-off will apply to your interest in the obligation and to any other amounts you could withdraw on your sole request or endorsement. Our right to set-off does not apply to an account or other obligation where your rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account. We will not be liable for the dishonor of any check when the dishonor occurs because we set off this debt against any of your accounts. You agree to hold us harmless from any such claims arising as a result of our exercise of our right to set-off.

**RETURNED PAYMENT CHARGE.** If you make a payment which is returned to us unpaid for any reason, including, but not limited to, non-sufficient funds, you will pay a returned payment charge assessed by the institution for processing a refused payment plus a handling fee of not more than $20. The returned payment charge may be added, without notice, to your outstanding balance under this Note and accrue interest at the Annual Percentage Rate, and you may be assessed a late charge as disclosed on page one of this Note.

**LIMITED POWER OF ATTORNEY.** You authorize us to act as your attorney-in-fact to satisfy your obligations under this Note and as permitted by applicable law. This authority includes, but is not limited to, the following: (1) making and settling insurance claims on your behalf relating to the Collateral; and (2) executing any documents necessary to perfect our lien on the Collateral.

**ARBITRATION.** This Section does not apply to any dispute in which the amount in controversy is within the jurisdiction limits of, and is filed in, a small claims court, and you and we retain rights to self-help remedies, such as repossession. You agree that if a dispute of any kind arises out of this agreement, either you or we can choose to have that dispute resolved by binding arbitration. If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or to have a jury trial on that claim, or to engage in pre-arbitration discovery, except as provided for in the arbitration rules specified in this provision. In addition, you will not have the right to participate as a representative or member of any class of claimants pertaining to any claim subject to arbitration. The Arbitrator's decision will generally be final and binding. Other rights that you would have if you went to court may also not be available in arbitration. It is important that you read this entire arbitration provision carefully before accepting the terms of this agreement.

Any claim, dispute or controversy (whether in contract, tort, or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to (a) the credit or services offered or provided to you, (b) the actions of you, us or third parties or (c) the validity of this arbitration provision (individually and collectively, a "Claim") must, after an election by you or us, be resolved by binding arbitration in accordance with this arbitration provision and the Consumer Arbitration Rules of the American Arbitration Association ("AAA") in effect when the Claim is filed (or, in the event this arbitrator or these arbitration rules are no longer available, then a comparable substitute arbitration procedure and/or arbitration organization that does business on a nationwide basis). There shall be no authority for any Claims to be arbitrated on a class action basis. An arbitration can only decide our or your Claim and may not consolidate or join the claims of other persons who may have similar claims. You may obtain rules and forms by contacting the AAA at 800-778-7879 or www.adr.org/Rules. Any arbitration hearing that you attend will take place in the federal judicial district where you reside. At your request, we will advance the first $200 of the filing and hearing fees for any Claim you may file against us; the arbitrator will decide whether we or you will ultimately pay those fees. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. This arbitration provision shall survive repayment of your extension of credit and termination of your account. This arbitration provision shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. If any provision of this Section is ruled invalid or unenforceable, this Section shall be rendered null and void in its entirety.

**OTHER TERMS.** Each person who signs this Note as BORROWER is jointly and severally liable under this Note. Each person who signs this Note as BORROWER is fully liable for all payments, whether or not we try to collect from the other signers. Each BORROWER, individually and jointly, waives presentment, demand, protest or notice and any notice that we are demanding payment in full of the entire outstanding balance because of default or for any other reason. You cannot assign, sell, give a security interest in or arrange an assumption of your interests or rights under this Note or in the Collateral. We can assign the Note to another party, who will have all our rights. If this Note is sold or otherwise transferred, your rights under the law or under this Note are in no way altered or impaired. If any provision in this Note is held to be unenforceable, void, illegal or otherwise against applicable law, the other provisions shall survive and be enforceable separately from any voided provisions. We do not give up any of our rights by delaying or failing to exercise them on any one or more occasions.

If you are a resident of Maryland, this Note is made subject to the applicable provisions of Subtitle 10 of Title 12 of the Commercial Law Article of the Maryland Code. If you are a resident of Wisconsin, this Note is also made pursuant to Wisconsin Law.

© 2004 U.S. Bank N.A.     2-Party Contract RV/Marine Multi-State 30761  11/20     Page 4 of 5

## PROMISSORY NOTE AND SECURITY AGREEMENT (continued)

A1 5441378

**EXPRESS CONSENT TO CONTACT YOU.** By providing U.S. Bank with a telephone number for a cellular phone or other wireless device, including a number that you later convert to a cellular number, you are expressly consenting to receiving communications – including but not limited to prerecorded or artificial voice message calls, text messages, and calls made by an automatic telephone dialing system – from U.S. Bank and our affiliates and agents at that number. This express consent applies to each such telephone number that you provide to us now or in the future and permits such calls for non-marketing purposes. Calls and messages may incur access fees from your cellular provider.

**TRANSFERABLE RECORD.** This Note is a "transferable record" as defined in applicable law relating to electronic transactions. Therefore, the holder of this Note may, on behalf of the maker of this Note, create a microfilm or optical disk or other electronic image of this Note that is an authoritative copy as defined in such law. The holder of this Note may store the authoritative copy of such Note in its electronic form and then destroy the paper original as part of the holder's normal business practices. The holder, on its own behalf, may control and transfer such authoritative copy as permitted by such law.

**INFORMATION REPORTED TO CONSUMER REPORTING AGENCIES.** Under the Fair Credit Reporting Act, you have the right to notify us if you believe we have reported inaccurate information about your account to any Consumer Reporting Agency. Such notices should be sent in writing and include your complete name, current address, Social Security Number, telephone number, account number, type of account, specific item of dispute and the reason why you believe the information reported is in error. You must send your notice to the LENDER at the address on page one of this Note.

**Important: Read before signing.** The terms of this Note should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this Note may be legally enforced. You may change the terms of this Note only by another written agreement signed by you and us. This Note is a final expression of the credit agreement between you and us. This Note may not be contradicted by evidence of any prior oral credit agreement or of a contemporaneous oral credit agreement between you and us. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you and us from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this Note, which is the complete and exclusive statement of the agreement between you and us, except as you and we may later agree in writing to modify it.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**NOTICE TO BORROWER:** a) DO NOT SIGN THIS NOTE BEFORE YOU READ THE WRITING ON ALL FIVE PAGES, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS NOTE IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THE NOTE.

EACH BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS NOTE.

X _[signature]_  
BORROWER

X _N/A_  
CO-BORROWER

X _N/A_  
CO-BORROWER



| | | |
|---|---|---|
| DEPARTMENT OF HOMELAND SECURITY<br>U.S. Coast Guard<br>**BILL OF SALE** | | OMB No: 1625-0027<br>Expires: 04/30/2023 |

**1. VESSEL NAME**

**2. OFFICIAL NUMBER OR HULL ID NUMBER** CRSEC214B021

**3. NAME(S) AND ADDRESS(ES) OF SELLERS**

Skipper Marine Corp
215 North Point Drive
Winthrop Drive, IL 60096

**3A. TOTAL INTEREST OWNED (IF LESS THAN 100%):** 100 %

**4. NAME(S) AND ADDRESS(ES) OF BUYER(S) AND INTEREST TRANSFERRED TO EACH**

Skipper Marine of Michigan LLC
41700 Conger Bay Drive
Harrison Township MI 48045

**4A. TOTAL INTEREST TRANSFERRED (100% UNLESS OTHERWISE SPECIFIED):** 100 %

**4B. MANNER OF OWNERSHIP.** UNLESS OTHERWISE STATED HEREIN, THIS BILL OF SALE CREATES A TENANCY IN COMMON, WITH EACH TENANT OWNING AN EQUAL UNDIVIDED INTEREST. CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP   ☐ TENANCY BY THE ENTIRETIES   ☐ COMMUNITY PROPERTY

☐ OTHER (DESCRIBE)

**5. CONSIDERATION RECEIVED** (ONE DOLLAR AND OTHER VALUABLE CONSIDERATION UNLESS OTHERWISE STATED)

**6. I (WE) DO HEREBY SELL TO THE BUYER(S) NAMED ABOVE, THE RIGHT, TITLE AND INTEREST IDENTIFIED IN BLOCK 4 OF THIS BILL OF SALE, IN THE PROPORTION SPECIFIED HEREIN.**

VESSEL IS SOLD FREE AND CLEAR OF ALL LIENS, MORTGAGES, AND OTHER ENCUMBRANCES OF ANY KIND AND NATURE, EXCEPT AS STATED ON THE REVERSE HEREOF. VESSEL IS SOLD TOGETHER WITH AN EQUAL INTEREST IN THE MASTS, BOWSPRIT, SAILS, BOATS, ANCHORS, CABLES, TACKLE, FURNITURE, AND ALL OTHER NECESSARIES THERETO APPERTAINING AND BELONGING, EXCEPT AS STATED ON THE REVERSE HEREOF.

**7. SIGNATURES OF SELLER(S) OR PERSON(S) SIGNING ON BEHALF OF SELLER(S).**

*[signature]*

**8. DATE SIGNED** 5/21/2021

**9. NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED** (E.G., OWNER, AGENT, TRUSTEE, EXECUTOR)

KYLE A. SHIMEK - BUSINESS MANAGER

**10. ACKNOWLEDGMENT** (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATH.)

ON 5/21/21 (DATE) THE PERSON(S) NAMED IN SECTION 9   STATE: IL   COUNTY: Lake

ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSE THEREIN CONTAINED.

NOTARY PUBLIC: *Lillian K Young*

**LILLIAN K YOUNG**
Official Seal
Notary Public - State of Illinois
My Commission Expires Jan 19, 2022

MY COMMISSION EXPIRES: 1/19/22 (DATE)

CG-1340 (05/20)   Previous Edition Obsolete   Page 1 of 2

| | | |
|---|---|---|
| DEPARTMENT OF HOMELAND SECURITY<br>U.S. Coast Guard<br>**BILL OF SALE** | | OMB No: 1625-0027<br>Expires: 04/30/2023 |

| 1. VESSEL NAME | 2. OFFICIAL NUMBER OR HULL ID NUMBER CRSEC214B021 |
|---|---|

3. NAME(S) AND ADDRESS(ES) OF SELLERS

Skipper Marine of Michigan LLC
41700 Conger Bay Drive
Harrison Township MI 48045

3A. TOTAL INTEREST OWNED (IF LESS THAN 100%): 100 %

4. NAME(S) AND ADDRESS(ES) OF BUYER(S) AND INTEREST TRANSFERRED TO EACH

William A. Smith

Detroit MI 48235

4A. TOTAL INTEREST TRANSFERRED (100% UNLESS OTHERWISE SPECIFIED): 100 %

4B. MANNER OF OWNERSHIP. UNLESS OTHERWISE STATED HEREIN, THIS BILL OF SALE CREATES A TENANCY IN COMMON, WITH EACH TENANT OWNING AN EQUAL UNDIVIDED INTEREST. CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP    ☐ TENANCY BY THE ENTIRETIES    ☐ COMMUNITY PROPERTY
☐ OTHER (DESCRIBE)

5. CONSIDERATION RECEIVED (ONE DOLLAR AND OTHER VALUABLE CONSIDERATION UNLESS OTHERWISE STATED)

6. I (WE) DO HEREBY SELL TO THE BUYER(S) NAMED ABOVE, THE RIGHT, TITLE AND INTEREST IDENTIFIED IN BLOCK 4 OF THIS BILL OF SALE, IN THE PROPORTION SPECIFIED HEREIN.

VESSEL IS SOLD FREE AND CLEAR OF ALL LIENS, MORTGAGES, AND OTHER ENCUMBRANCES OF ANY KIND AND NATURE, EXCEPT AS STATED ON THE REVERSE HEREOF. VESSEL IS SOLD TOGETHER WITH AN EQUAL INTEREST IN THE MASTS, BOWSPRIT, SAILS, BOATS, ANCHORS, CABLES, TACKLE, FURNITURE, AND ALL OTHER NECESSARIES THERETO APPERTAINING AND BELONGING, EXCEPT AS STATED ON THE REVERSE HEREOF.

7. SIGNATURES OF SELLER(S) OR PERSON(S) SIGNING ON BEHALF OF SELLER(S).

8. DATE SIGNED 5/21/2021

9. NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G., OWNER, AGENT, TRUSTEE, EXECUTOR)

KYLE A. SHIMEK - BUSINESS MANAGER

10. ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATH.)

ON 5/21/21 (DATE) THE PERSON(S) NAMED IN SECTION 9 ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSE THEREIN CONTAINED.

STATE: IL
COUNTY: Lake

NOTARY PUBLIC: Lillian K. Young

LILLIAN K YOUNG
Official Seal
Notary Public - State of Illinois
My Commission Expires Jan 19, 2022

MY COMMISSION EXPIRES: 1/19/22 (DATE)

CG-1340 (05/20)    Previous Edition Obsolete    Page 1 of 2

DHS, USCG, CG-1270 (REV. 06-04)

OMB APPROVED
1625-0027

# UNITED STATES OF AMERICA

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES COAST GUARD

NATIONAL VESSEL DOCUMENTATION CENTER

# CERTIFICATE OF DOCUMENTATION



| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| SS DUO | 1318609 | CRSEC214B021 | 2020 |
| HAILING PORT | HULL MATERIAL | | MECHANICAL PROPULSION |
| DETROIT MI | FRP (FIBERGLASS) | | YES |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 17 GRT | 13 NRT | 35.7 | 11.8 | 6.1 |

**PLACE BUILT**
OCONTO WI

**OWNERS**
WILLIAM A SMITH

**OPERATIONAL ENDORSEMENTS**
RECREATION

**MANAGING OWNER**
WILLIAM A SMITH
[redacted]
DETROIT MI 48235

**RESTRICTIONS**
NONE

**ENTITLEMENTS**
NONE

**REMARKS**
NONE

**ISSUE DATE**
OCTOBER 30, 2021

**THIS CERTIFICATE EXPIRES**
OCTOBER 31, 2022

*Christine H. Washburn* (signature)
DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

PREVIOUS EDITION OBSOLETE. THIS CERTIFICATE MAY NOT BE ALTERED